UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES LINVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-CV-11-HAI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| FRANK BISIGNANO, *Commissioner of Social Security*, | ) | & ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In July 2022, Plaintiff James Linville filed an application for supplemental security income benefits, alleging disability beginning June 15, 2017. *See* D.E. 14-2 at 10.[1] The Social Security Administration denied Linville's claims initially and upon reconsideration. *Id*. On December 4, 2023, Administrative Law Judge ("ALJ") George Oetter conducted an administrative hearing by telephone. *Id*. The ALJ heard testimony from Linville and impartial vocational expert ("VE") Kenneth Bennett. Linville was represented by non-attorney Jennifer Morgan. *Id*.

The ALJ found that Stidham has a number of severe impairments, but that none met or equaled a listed impairment. D.E. 14-2 at 12-15. The ALJ found Linville had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b), with several limitations. *Id*. at 15. Drawing on the VE's testimony, the ALJ found that jobs existed in significant numbers in the national economy that Linville could perform. *Id*. at 18. He was thus not disabled. *Id*. at 19.

---

[1] For the administrative record, the Court will refer to the black page numbers printed on the bottom of each page. Otherwise, page number references are to the blue numbers generated by ECF.

Following the ALJ's January 25, 2024 decision, Linville petitioned the Appeals Council. In doing so, Linville submitted, for the first time, "a rebuttal vocational report authored by Karen R. Starr, MS, CRC, EDPNA." D.E. 15 at 2. He says this report, submitted to the Appeals Council, directly contradicted the VE's testimony at the hearing. *Id*. at 5-6. On December 4, 2024, the Appeals Council declined review. D.E. 14-1 at 1-3. Concerning the new vocational report, the Appeals Council stated, "You submitted additional evidence from Starr and Associates, Inc., Karen R. Starr, dated January 30, 2024 (4 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." *Id*. at 2.

Linville now brings this action under 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review. D.E. 1. The parties consented to the referral of this matter to a magistrate judge. D.E. 11. This matter was thus referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The Commissioner filed the administrative record (D.E. 14), and a brief in opposition (D.E. 17). Linville did not file a reply within the allotted time.

Linville's brief is quite specific that this appeal is challenging the Appeals Council's decision, and not the underlying ALJ opinion. D.E. 15. His argument is that "[t]he Appeals Council erred by excluding new and material evidence." *Id*. at 4. Linville states his "precise point" is that "the AC was obligated" to act in his favor in response to Ms. Starr's report. *Id*. at 11. He asks this Court to "enter judgment under sentence four of 42 U.S.C. § 405(g), reversing SSA's final decision with a remand for a rehearing, i.e., for further administrative proceedings." *Id*. at 13.

2

In response, the Commissioner points out that the law of this Circuit, the Sixth Circuit, does not provide for District Court review of Appeals Council actions. D.E. 17 at 3-4. Tellingly, Linville's brief relies primarily on cases from within the First and Fifth Circuits, where the law on this question is different. The Court concurs that under Sixth Circuit precedent, an Appeals Council order denying review is not itself a judicially reviewable order. *Pierson v. Comm'r of Soc. Sec.*, No. 21-2848, 2022 WL 819735, at *1 (6th Cir. Mar. 18, 2022); *Meeks v. Sec'y of Health & Hum. Servs.*, 996 F.2d 1215 (6th Cir. 1993); *see also Emily G. v. Comm'r of Soc. Sec.*, No. 3:23-CV-00359-RGJ-CHL, 2024 WL 4481879, at *3 (W.D. Ky. July 26, 2024), *report and recommendation adopted*, 2024 WL 4235710 (W.D. Ky. Sept. 19, 2024); *Odell v. Comm'r of Soc. Sec.*, No. 2:21-CV-8, 2022 WL 16540376, at *1 (W.D. Mich. Aug. 30, 2022).

Accordingly, this Court lacks jurisdiction to review the Appeals Council's decision.

The Commissioner recognizes that Linville *could have* asked the Court to remand on account of new material evidence under sentence six of 42 U.S.C. § 405(g). D.E. 17 at 4. Sentence six provides, in part, that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C.A. § 405(g). However, Linville's brief specifically sought a sentence-four remand (D.E. 15 at 13) and specified that the error being appealed was the Appeals Council's (*id.* at 4). Because Linville did not seek a sentence-six remand in his original brief, any such argument is waived.

Even if not waived, Ms. Starr's report does not satisfy the standard for sentence-six remands.

> A remand under 42 U.S.C. § 405(g) sentence six for consideration of additional evidence is warranted only if (1) the evidence is new and material and

3

> (2) good cause is shown for the failure to present the evidence to the ALJ. The party seeking a remand bears the burden of showing that these two requirements are met. As to the first requirement, evidence is only new for purposes of 42 U.S.C. § 405(g) if it was not in existence or available to the claimant at the time of the administrative proceeding. Such evidence is deemed material if there is a reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence. . . . As to the second requirement, a claimant shows good cause by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.

*Emily G.*, 2024 WL 4481879, at *4 (citations and quotation marks omitted).

Given the nature of his claim, Linville unsurprisingly does not address these standards. He does not explain how Ms. Starr's report was new, how it was material, or how he had good cause for not presenting it to the ALJ. Given it is Linville's burden, even if not waived, any such sentence-six claim fails. In any event, the Commissioner notes that the date of the report is five days after the ALJ decision. D.E. 17 at 5. Linville could have asked the ALJ to keep the record open longer. *Id*. at 6. And the Commissioner argues the date of the report suggests that the report was generated for the purpose of rebutting the ALJ's analysis. *Id*. at 5-6. Neither scenario would constitute "good cause." "Good cause is shown for remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Emily G.*, 2024 WL 4481879, at *4 (citation omitted).

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's request to remand (D.E. 15) is **DENIED**.

(2) **JUDGMENT** will be entered in favor of the Commissioner by separate contemporaneous order.

This the 28th day of May, 2025.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge